IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRAVIS THOMAS, #202975, )   )   Plaintiff, )   )   v. )   )   DONAL CAMPBELL, et al., )   )   Defendants. ) | CIVIL ACTION NO. 2:05-CV-116-F |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which the plaintiff, a state inmate, challenges the conditions of confinement at the Montgomery Community Work Center.

Upon review of the pleadings filed in this case, the court concludes that dismissal of the plaintiff's claims against the Staton Correctional Facility Drug Lab prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

A drug laboratory is not a legal entity subject to suit or liability under the provisions of section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Staton Correctional

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action or any claim therein prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Facility Drug Lab are due to be dismissed as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Staton Correctional Facility Drug Lab be dismissed pursuant to the terms of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Staton Correctional Facility Drug Lab be dismissed from this cause of action.

3. This case, with respect to plaintiff's claims against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

  Done this 9th day of March, 2005.

                  **/s/ Delores R. Boyd**
                  DELORES R. BOYD
                  UNITED STATES MAGISTRATE JUDGE